UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Matthew Abraham,

    Plaintiff,

v.                                                                           Case No.: 20-13250

American Resource Company, LLC,                 Honorable Sean F. Cox
*et al.*,

    Defendants.

_____/

**ORDER OF DISMISSAL
FOR LACK OF SUBJECT MATTER JURISDICTION**

On December 14, 2020, Plaintiff Matthew Abraham filed this action against the following five Defendants: 1) American Resource Company LLC ("American Resource"); 2) Nourican Portfolio I LLC ("Nourican"); 3) John Liatsis; 4) Steven Gallegos; and 5) Gary Ohlbaum.

Plaintiff filed the action in federal court, asserting that this Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332. (Compl. at ¶ 8).

"[F]ederal courts have an independent obligation to investigate and police the boundaries of their own jurisdiction." *Douglas v. E.F. Baldwin & Assocs., Inc.*, 150 F.3d 604, 607 (6th Cir. 1998). Having reviewed Plaintiff's Complaint, the Court was unsure whether diversity jurisdiction exists. Accordingly, the Court ordered Plaintiff to show cause why this case should not be dismissed for lack of subject matter jurisdiction. This Court's Show Order explained that Plaintiff's Complaint does not identify the citizenship of the Defendants that are limited liability companies, for purposes of diversity jurisdiction.

For purposes of diversity jurisdiction, a "limited liability company is not treated as a corporation." *Homfeld II, LLC v. Comtair Holdings, Inc.*, 53 Fed. Appx. 731 (6th Cir. 2002); *see also Delay v. Rosenthal Collins Group, LLC*, 585 F.3d 1003 (6th Cir. 2009). Rather, a limited liability company "has the citizenship of its *members*." *Id.* (emphasis added). "When diversity jurisdiction is invoked in a case in which a limited liability company is a party, the court needs to know the citizenship of each member of the company. And because a member of a limited liability company may itself have multiple members – and thus may itself have multiple citizenships – the federal court needs to know the citizenship of each 'sub-member' as well." *Delay, supra*.

Accordingly, this Court ordered Plaintiff to show cause, in writing, and explain why this case should not be dismissed for lack of diversity jurisdiction. This Court expressly stated that Plaintiff's response "must identify the citizenships of each member of American Resource Company LLC and Nourican Portfolio I LLC." (ECF No. 3).

Plaintiff filed a timely response to the Show Cause Order (ECF No. 4) wherein it identified one member of Defendant American Resource Company LLC (John Liatsis) and one member of Defendant Nourican Portfolio I LLC (Gary Ohlbaum). Plaintiff's response further states that "no other LLC member information" could be found as to either of the Defendant limited liability companies. (*Id.* at ¶¶ 5 & 8).

Thereafter, this Court vacated the Show Cause Order on January 22, 2021. Upon further review of this matter, however, the Court concluded that it prematurely vacated the Show Cause Order because Plaintiff did not identify all members of the Defendant limited liability companies and the citizenship of each member.

Because subject matter jurisdiction may be challenged at any time, even on appeal after

the district court case has concluded, the Sixth Circuit has stressed that it expects parties to be "meticulous" as to jurisdictional allegations. *Prime Rate Premium Fin. Corp., Inc. v. Larson*, 930 F.3d 759, 765 (6th Cir. 2019). The Sixth Circuit has indicated that in situations like this, a district has an "obligation to go further" when jurisdictional allegations are not sufficient to determine if diversity jurisdiction exists. *V&M Star, LP v. Centimark Corp.*, 596 F.3d 354, 357 (6th Cir. 2010) (Explaining the district "court should have insisted that [the plaintiff] establish the citizenship of its partner LLCs, including any 'sub-members.'")

Accordingly, this Court issued a Second Show Cause Order that ordered "**Plaintiff to SHOW CAUSE,** in writing, no later than **July 20, 2021**, why this Court should not dismiss this case for lack of diversity jurisdiction. Again, Plaintiff must identify each and every member of the Defendant limited liability companies in this case, and must identify the citizenship of each member. Plaintiff must do the same for any sub-members." (ECF No. 33).

In response, Plaintiff filed an Affidavit on July 19, 2021. (ECF No. 34). In it, Plaintiff identifies three individuals as the "managers" of Defendant American Resource and identifies states wherein they "reside," although the Show Cause explained that diversity jurisdiction is based upon the *citizenship* (not residence) of an LLC's *members* (not managers). (*Id*. at ¶ 1) (emphasis added). Plaintiff also asserts that Nourican is a Delaware limited liability company "but the Secretary of State does not require information as to members or managers of limited liability companies." (*Id*. at ¶ 2).

The Court appreciates that Plaintiff may not have publicly-available access as to necessary information pertaining to the members (and sub-members) of the Defendant limited liability companies. Nevertheless, as the party asserting diversity jurisdiction, Plaintiff has the burden of establishing the existence of diversity jurisdiction. Despite the opportunity to do so,

Plaintiff has not established that this Court has diversity jurisdiction over this case.

Accordingly, the Court **ORDERS** that this action is **DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION.**

**IT IS SO ORDERED**.

s/Sean F. Cox
Sean F. Cox
United States District Judge

Dated:  July 22, 2021