UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Matthew Abraham,

    Plaintiff,

v.	Case No.: 20-13250

American Resource Company, LLC,	Honorable Sean F. Cox
*et al.*,

    Defendants.

_____/

## OPINION & ORDER
## ON PLAINTIFF'S MOTIONS FOR DEFAULT JUDGMENT

Plaintiff filed this action asserting multiple claims against five different Defendants. The matter is currently before the Court on Plaintiff's motions seeking entry of default judgments. The Court held an in-person hearing on the motions on October 28, 2021. Having carefully reviewed Plaintiff's complaint, and his motions for default judgment, the Court concludes that Plaintiff is entitled to a default judgment against Defendant American Resource Company, LLC, in connection with the breach of contract claim asserted against it in Count 1, in the amount of $50,000.00. The contract also provides that reasonable costs and attorneys fees may be recovered, but Plaintiff has failed to provide the Court with any evidence supporting his request for costs and attorney fees. As such, the Court denies Plaintiff's request for costs and attorney fees without prejudice. All other requests for relief are denied with prejudice for the reasons that follow.

## BACKGROUND

Acting through counsel,[1] on December 14, 2020, Plaintiff Matthew Abraham filed this action against the following five Defendants: 1) American Resource Company LLC ("ARC"); 2) Nourican Portfolio I LLC ("Nourican"); 3) John Liatsis; 4) Steven Gallegos; and 5) Gary Ohlbaum.  Plaintiff's Complaint includes the following counts:

- <u>Breach of Contract</u>, asserted against Defendant ARC, for breach of a Promissory Note entered into between ARC and Plaintiff (Count 1);

- <u>Conversion</u>, asserted against ARC, for allegedly converting the funds loaned by Plaintiff (Count 2);

- <u>Fraudulent and Innocent Misrepresentation</u>, asserted against ARC, for making unspecified representations about ARC's Joint Venture with Nourican (Counts 3 and 4);

- <u>Breach of Contract</u>, asserted against Nourican, for breach of the Joint Venture Agreement entered into by ARC and Nourican (Count 5);

- <u>Conversion</u>, asserted against Nourican, alleging that Plaintiff advanced money directly to Nourican under a Joint Venture Agreement and Nourican converted the funds to its own use and benefit (Count 6);

- <u>RICO</u>, alleging the individual defendants controlled ARC and Nourican and operated as a joint venture (Count 7);

- <u>Common Law Fraud</u>, alleging that Defendants made various misrepresentations (Count 8); and

- <u>"Exemplary Damages</u>," which is not actually a cause of action, asserted against ARC and Nourican (also listed as Count 8).

The Complaint filed by Plaintiff has a "Prayer for Relief" that asks for:

> WHEREFORE, Plaintiff Abraham RESPECTFULLY PRAYS that this court enter judgment in Plaintiff's favor and against the individual Defendants *as follows:*

---

[1]Plaintiff appeared for the October 28, 2021 hearing and advised that he is an attorney.

    A.    An aware [sic] of damages for breach of contact as to both Defendant ARC and Defendant NOURICAN;

    B.    Compensatory damages against Defendant ARC in the amount of $150,000.00 as specifically provided for under MCLA 600.2919a;

    C.    Compensatory damages against Defendant NOURICAN in the amount of $150,000.00 as specifically provided for under MCLA 600.2919a;

    D.    Exemplary damages in an amount not less than $25,000 resulting from both Defendant's intentional and malicious actions;

    E.    Interest, costs, and reasonable and statutory attorney fees; and

    F.    Such other relief that this Honorable Court may deem just and equitable under the circumstances.

(Compl. at 13-14) (emphasis added).

Notably, the Prayer for Relief in Plaintiff's Complaint does not ask the Court to enter judgment against, or award any damages as to, Defendants John Liatsis, Steven Gallegos, or Gary Ohlbaum. Rather, the prayer for relief is directed entirely at ARC and Nourican.

Defendants were properly served with the Complaint and Summons. Plaintiff sought, and obtained, a Clerk's Entry of Default as to each Defendant. (ECF Nos. 13-15, 16-18, 20-21, and 22-23).

Thereafter, Plaintiff filed: 1) an "Application for Default Judgment Against Defendants American Resource Company LLC, John Liatsis and Steve Gallegos" (ECF No. 25); and 2) an "Application for Default Judgment against Defendants Ohlbaum and Norican." (ECF No. 26).

The Court held a hearing on Plaintiff's motions for default judgment on October 28, 2021. At that hearing, Plaintiff's counsel advised the Court that Plaintiff is asking for default judgment in the amount of $150,000.00, costs in the amount of $1,208.16, and attorney fees of $11,000.00.

## ANALYSIS

Pursuant to Fed. R. Civ. P. 55(b), a judgment by default may be entered against a defendant who has failed to plead or otherwise defend against an action. Once a default has been entered by the Clerk's Office, all of a plaintiff's well-pleaded allegations, except those relating to damages, are deemed admitted. *Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 110 (6th Cir. 1995); *see also Ford Motor Co. v. Cross*, 441 F.Supp.2d 837, 846 (E.D. Mich. 2006).

*If* the plaintiff's well-pleaded allegations are sufficient to support a finding of liability as to the defendant on the asserted claims, then the court should enter a judgment in favor of the plaintiff as to the defaulted defendant. *Id.*

Where damages are unliquidated, a default admits only the defendant's liability and the amount of damages must be proved. *Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 110 (6th Cir. 1995). Thus, this Court must make an appropriate inquiry into in order to ascertain the amount of damages. *Vesligaj v. Peterson*, 331 F. App'x 351, 355 (6th Cir. 2009).

Pursuant to Fed. R. Civ. P. 54, a "default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c).

With these concepts in mind, this Court will proceed to analyze Plaintiff's two Applications for Default Judgment, which are not well drafted.

Plaintiff does not apprise the Court as to which claim or claims he is seeking entry of default judgment against Defendants. Plaintiff did not request an evidentiary hearing as to the amount of damages and the only evidence he has submitted in support of his two Applications is a single piece of paper that appears to show a wire transfer of $50,000.00 from Plaintiff to Nourican's bank account at Bank of America. Plaintiff has not submitted any affidavits or

declarations in support of his motion, nor has he submitted any billing statements or documents to support his request for costs or attorney fees.

Plaintiff asks the Court to issue default judgments against Defendants, jointly and severally, with $150,000.00 as trebled damages. Plaintiff also asks for an award of costs and attorney fees.

### A. No Judgment Or Damages Shall Be Awarded Against Defendants Liatsis, Gallegsos, Or Ohlman.

Again, Pursuant to Fed. R. Civ. P. 54(c), a "default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c). The theory of this provision is that the defending party should be able to decide on the basis of the relief requested in the original pleading whether to expend the time, effort, and money necessary to defend the action." 10 Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, *Federal Practice and Procedure*, § 2663 (1998). Thus, a default judgment may not extend "beyond the scope of the relief demanded." *Id*. A default judgment that does so is null and void. *Id*. Here, the Complaint's Prayer for Relief asks for:

> WHEREFORE, Plaintiff Abraham RESPECTFULLY PRAYS that this court enter judgment in Plaintiff's favor and against the individual Defendants *as follows*:
> A. An awar[d] of damages for breach of contact as to both Defendant ARC and Defendant NOURICAN;
> B. Compensatory damages against Defendant ARC in the amount of $150,000.00 as specifically provided for under MCLA 600.2919a;
> C. Compensatory damages against Defendant NOURICAN in the amount of $150,000.00 as specifically provided for under MCLA 600.2919a;
> D. Exemplary damages in an amount not less than $25,000 resulting from both Defendant's intentional and malicious actions;
> E. Interest, costs, and reasonable and statutory attorney fees; and
> F. Such other relief that this Honorable Court may deem just and equitable under the circumstances.

(Compl. at 13-14) (emphasis added).  Notably, it does not ask for judgment against Defendants Liatsis, Gallegos, or Ohlbaum, nor does it seek an award of monetary damages against them.  As such, the Court will not enter a default judgment against them, pursuant to Fed. R. Civ. P. 54(c).[2]

**B.      Plaintiff Has Failed To Allege A Viable Fraud Claim Against Defendants**.

Once a default has been entered by the Clerk's Office, only the plaintiff's well-pleaded allegations are deemed admitted.  *Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 110 (6th Cir. 1995); *see also Ford Motor Co. v. Cross*, 441 F.Supp.2d 837, 846 (E.D. Mich. 2006).  The Court should only enter a judgment in favor of the plaintiff as to the defaulted if the plaintiff's well-pleaded allegations are sufficient to support a finding of liability as to the defendant on the asserted claims.

Pursuant to Fed. R. Civ. P. 9(b), Plaintiff's fraud claims must be pleaded with particularity.  Rule 9(b) of the Federal Rules of Civil Procedure "sets the pleading standard for 'alleging fraud or mistake.'"  *Smith v. General Motors, LLC*, __ F.3d __, 2021 WL 631475 at *8 (6th Cir. Feb. 18, 2021).  "To satisfy Rule 9(b), 'the plaintiff must allege (1) 'the time, place, and content of the alleged misrepresentation,' (2) 'the fraudulent scheme,' (3) the defendant's fraudulent intent, and (4) the resulting injury.'"  *Smith*, *supra* (citations omitted).  Plaintiff's Complaint fails to do so as to all his fraud claims.

**C.      Plaintiff's Applications For Default Judgment Do Not Address, And Are Not Based On, Plaintiff's RICO Count.**

Plaintiff's Complaint includes a four-paragraph RICO claim.  Indeed, it is the sole basis

---

[2]In addition, the only counts that are asserted against Liatsis, Gallegos, or Ohlbaum are: 1) the common law fraud count (Count 8) and the RICO count (Count 7).  As explained below, the Complaint fails to state a fraud claim and Plaintiff's motions did not address the RICO count at all.

6

for this Court exercising federal-question jurisdiction over this case. But Plaintiff's Applications for Default Judgment are silent as to the RICO count. That is, they do not address that count, nor do they base their request for a default judgment on that count.

**D.    Plaintiff's Breach Of Contract Claim Against Defendant Nourican Fails Because Plaintiff Is Not A Party To The Contract At Issue.**

In Count 5, Plaintiff asserts a breach of contract claim against Defendant Nourican. The claim is based upon an October 26, 2020 "Joint Venture" agreement that was attached to Plaintiff's Complaint. (*See* ECF No. 1-2). Notably, Plaintiff is not a party to that contract. The contract is between ARC and Nourican. The contract does not reference Plaintiff anywhere and Plaintiff has not argued that he has standing to bring a claim as an intended third-party beneficiary of the contract.

**E.    Plaintiff Will Be Awarded A Default Judgment As To His Breach Of Contract Claim Against ARC, In The Amount Of $50,000.00.**

Plaintiff's breach of contract claim against ARC is based upon an October 26, 2020 "Promissory Note Agreement To Pay" (ECF No. 1-1) that was entered into between ARC and Plaintiff. That agreement provides that Plaintiff would "loan to ARC the sum of $50,000.00 USD for a period of seven (7) banking days. The principal amount loaned is to be paid in full at the end of seven (7) banking days back to Lender." (*Id*.). It further provides that if certain "documents are generated and there is a successful closing, in addition to the return of the Lender's principal loan amount of $50,000.00, the Lender will also be paid an additional $50,000.00 for Return On Investment (ROI). The ROI being paid is based upon successful receipt of the transaction sale documents and receipt of Jet Fuel product." (*Id*. at 1). It also provides that "[s]hould any dispute or legal action arise out of this agreement, the prevailing

parties shall be entitled to recover reasonable attorney's fees, expenses and costs incurred with such dispute or action." (*Id*. at 2).

Plaintiff's complaint alleges that ARC breached the agreement by failing to "remit the payment required" under the agreement. But it does not contain any allegations as to whether the conditions in the contract that would generate the ROI under the terms of the contract were met (ie, a successful closing and receipt of jet fuel). Nevertheless, Plaintiff seeks breach of contract damages in the amount of $100,000.00.

At the October 28, 2021 hearing, the Court addressed this issue with Plaintiff's counsel, who conceded that Plaintiff has no proof that those conditions precedent were met. As such, the Court will award Plaintiff breach of contract damages against ARC but only in the amount of $50,000.00.

**F.     The Court Will Not Award Damages As To Plaintiff's Conversion Claims.**

In addition to asserting a breach of contract claim against ARC for failing to repay the promissory note, Plaintiff also asserts a conversion claim against ARC based on that same failure to repay the promissory note. Plaintiff's conversion count against Defendant Nourican is also based on a failure to repay money that was delivered to Nourican under written agreements.

But "Michigan law will generally not support a claim for conversion where the parties' relationship is governed by an agreement"[3] as explained in *Johnson-Lancaster*:

> Under Michigan law, it is "well-settled that an action in tort requires a breach of duty separate and distinct from a breach of contract." *Brock v. Consol. Biomedical Labs.*, 817 F.2d 24, 25 (6th Cir. 1987) (collecting cases); *see Oak Street Funding, LLC v. Ingram*, 511 Fed.Appx. 413, 417–18 (6th Cir. 2013); *Sudden Serv., Inc. v.*

---

[3]Indeed, if this were permitted, plaintiffs would always assert a conversion claim along with a breach of contract claim in order to obtain treble damages.

*Brockman Forklifts, Inc.*, 647 F. Supp. 2d 811, 815 (E.D. Mich. 2008). Where the plaintiff's property right arises entirely from his or her contract rights, the plaintiff does not have a claim for conversion. *Llewellyn–Jones v. Metro Prop. Group, LLC*, 22 F. Supp. 3d 760, 788 (E.D. Mich. 2014). To maintain a conversion claim where the parties also have an agreement, the plaintiff needs to show "a relation exists which would give rise to a legal duty without enforcing the contract promise itself[.]" *Brewster v. Martin Marietta Aluminum Sales, Inc.*, 378 N.W.2d 558, 569 (Mich. Ct. App. 1985).

*Johnson-Lancaster and Assocs, Inc. v. Great Lakes Stainless*, Inc., 2017 WL 4167451 (W.D. 2017). Here, Plaintiff has not done so in relation to his conversion claims.

### G.     Plaintiff's Unsupported Request For Costs And Attorney Fees Shall Be Denied Without Prejudice.

Plaintiff's motions for default judgment requested an award for costs and attorney fees, and Plaintiff's counsel requested such awards at the October 28, 2021 hearing. No explanation or breakdown of the costs and fees requested was provided in the motions. And Plaintiff has failed to provide any evidence, such as billing statements, invoices, or affidavits, to support a request for costs or attorney fees. Accordingly, Plaintiff's request for an award of costs and attorney fees is denied without prejudice, to the extent that the Court shall allow Plaintiff to submit affidavits, and supporting documentation, of the attorney fees and costs incurred in this action.

### CONCLUSION & ORDER

As explained above, the Court concludes that Plaintiff has established that he is entitled to a default judgment against Defendant ARC in the amount of $50,000.00.

The Court also concludes that Plaintiff is entitled to an award of reasonable costs and attorney fees incurred in this action, as to Defendant ARC. Because Plaintiff failed to submit evidence in support of his requested costs and attorney fees, that request is **DENIED**

**WITHOUT PREJUDICE**.  The Court shall allow Plaintiff to submit affidavits, and supporting documentation, of the attorney fees and costs incurred in this action.  Those affidavits and supporting documentation, which shall include detailed billing statements, shall be submitted to the Court no later than **November 5, 2021.**

All other requests for relief made by Plaintiff in connection with his motions for default judgment are **DENIED WITH PREJUDICE.**

**IT IS SO ORDERED.**

                                                    s/Sean F. Cox
                                                    Sean F. Cox
                                                    United States District Judge

Dated:  October 28, 2021